NEWMAN, Circuit Judge,
concurring in the judgment.
I agree that the default judgment was inappropriately imposed, and I join the court’s ruling^ On the ensuing remand, the case would normally proceed to trial on the merits. I write separately to stress an issue of potentially threshold impact.
The record raises the question of inven-torship, for the named sole inventor, Ms. Yu-Tuan Lee, testified that, “I came up with this idea about having the aircraft move following the motion of the remote controller,” but when asked whether she knew “how to make that idea work,” Ms. Lee answered, “I only came up with the ideas, and subsequently Bruce told me that there was such a chip that could detect movement.” Lee Dep. at 66:19-67:4. Precedent provides that “ ‘[o]ne who merely suggests an idea of a result to be accomplished, rather than means of accomplishing it, is not a joint inventor.’ ” Nartron Corp. v. Schukra U.S.A. Inc., 558 F.3d 1352, 1359 (Fed. Cir. 2009) (alteration in original).
Thus I do not share the view that it is unnecessary to undertake “a substantive examination of inventorship in order to resolve an issue of standing in an infringement action where the plaintiffs claim to title is not otherwise in dispute.” Maj. Op. at 1293. Inventorship affects not only the validity of the patent, but also ownership and transfer of ownership. See Beech Aircraft Corp. v. EDO Corp., 990 F.2d 1237, *1307 1248 (Fed. Cir. 1998) (“At the heart of any ownership analysis lies the question of who first invented the subject matter at issue, because the patent right initially vests in the inventor who may then, barring any restrictions to the contrary, transfer that right to another, and so forth.”). There is no right to sue on patents one does not own. See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., 583 F.3d 832, 839 (Fed. Cir. 2009), aff'd, 563 U.S. 776, 131 S.Ct. 2188, 180 L.Ed.2d 1 (2011) (absence of ownership can be raised “as a defense and a challenge to [the plaintiffs] standing to maintain its action against [the defendant].”). An incorrect inventor or inventive entity cannot pass title by assignment, because that entity has no title to pass.
Inventorship and standing appear to be critical to further proceedings. “The requirement that jurisdiction be established as a threshold matter ‘spring[s] from the nature and limits of the judicial power of the United States’ and is ‘inflexible and without exception.’ ” Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (alteration in original).